**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SKY UK LTD., SKY ITALIA S.R.L., AND SKY DEUTSCHLAND FERNSEHEN GMBH & CO. KG, <br><br>            Plaintiffs, <br><br> v. <br><br> WARNERMEDIA DIRECT, LLC, <br><br>            Defendant. | Case No. 24-cv-07335 (LGS) <br><br> **ANSWER** |

**DEFENDANT WARNERMEDIA DIRECT, LLC'S ANSWER
TO PLAINTIFFS' COMPLAINT**

Defendant WarnerMedia Direct, LLC ("**Warner**"), by and through its attorneys, Weil, Gotshal & Manges LLP, responds as follows to the allegations set forth in Plaintiffs' Complaint. To the extent not specifically admitted herein, Warner denies all allegations in the Complaint. Unless otherwise noted, all references to a specific paragraph number refer to the numbered paragraphs in the Complaint.  The Complaint's section headings are carried over for ease of reference only, and Warner denies any allegations contained in the section headings.  Any definitions used in the Complaint that are carried over are for ease of reference only, and Warner does not adopt those definitions or accept them as true.

In submitted this Answer, Warner expressly preserves and does not waive any applicable rights, defenses, or objections.  Warner also expressly reserves the right to amend this Answer and its affirmative defenses based on, *inter alia*, discovery, factual developments, and Warner's ongoing investigation of Plaintiffs' claims.  No incidental or implied admissions are intended by this Answer.  Unless expressly stated herein, nothing in this Answer should be construed as an admission regarding the existence of any facts set forth in the Complaint.  Warner makes no

1

representations, concessions, or admissions regarding the relevancy or appropriateness of any facts set forth in the Complaint.

## NATURE OF THE ACTION

1.      Paragraph 1 of the Complaint contains self-serving legal contentions and/or conclusions to which no responsive pleading is required.  Furthermore, Warner asserts that the Co-Funding Agreement (the "**Agreement**") referenced in Paragraph 1 speaks for itself and refers to the Agreement for its contents.  Warner denies the remaining allegations in Paragraph 1.

2.      Paragraph 2 of the Complaint contains self-serving legal contentions and/or conclusions to which no response is required.  Furthermore, Warner asserts that the Agreement referenced in Paragraph 2 speaks for itself and refers to the Agreement for its contents.  Warner denies the remaining allegations in Paragraph 2.

3.      Paragraph 3 of the Complaint contains self-serving legal contentions and/or conclusions to which no response is required.  Furthermore, Warner asserts that the Agreement referenced in Paragraph 3 speaks for itself and refers to the Agreement for its contents.  Warner denies the remaining allegations in Paragraph 3.

4.      Paragraph 4 of the Complaint contains self-serving legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner denies the allegations contained in Paragraph 4.

5.      Paragraph 5 of the Complaint contains self-serving legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner denies the allegations contained in Paragraph 5 as they relate to Warner or its conduct and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof.

6.      Paragraph 6 of the Complaint contains self-serving and subjective conclusions of fact and law to which no response is required.  Nevertheless, Warner denies the allegations contained in Paragraph 6.

7.      Warner denies that it has engaged in a "gambit" and further asserts that the press release referenced in Paragraph 7 of the Complaint speaks for itself and refers to the press release for its contents.  Warner denies the remaining allegations contained in Paragraph 7.

8.      The allegations in Paragraph 8 of the Complaint constitute self-serving characterizations of the allegations of the Complaint along with subjective conclusions of fact and law to which no responsive pleading is required.  Warner further asserts that any public statements by WBD executives speak for themselves.  Warner denies the remaining allegations contained in Paragraph 8.

9.      Paragraph 9 of the Complaint contains subjective conclusions of fact and law to which no response is required.  Warner further asserts that the March 13, 2023 email referenced in Paragraph 9 of the Complaint speaks for itself and refers to that email for its contents.  To the extent that a further response is required, Warner denies the remaining allegations contained in Paragraph 9.

10.     Warner asserts that any prior statements, including any emails, calls, and statements of its CEO, speak for themselves and refers to those prior statements for their contents.  Warner denies the remaining characterizations contained in Paragraph 10.

11.     Warner admits that the Harry Potter television series will be based upon the highly successful Harry Potter book series authored by J.K. Rowling and that if a series is produced it hopes that it will be successful and lead to a new generation of fans.  Warner denies the remaining allegations contained in Paragraph 11 of the Complaint for lack of personal

knowledge or information sufficient to form a belief as to the truth thereof.

12.     Warner denies the allegations contained in Paragraph 12 of the Complaint.

13.     Warner denies that it breached the Agreement or that it has disregarded Sky's rights.  Warner admits that the parties discussed amending the Agreement over the years and that Sky eventually stopped participating in those discussions.  Warner admits that it held a casting call and otherwise asserts that any press reports referenced in Paragraph 13 of the Complaint speak for themselves and refers to those press reports for their contents.  Warner denies the remaining allegations contained in Paragraph 13.

14.     Paragraph 14 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner admits that Plaintiff purports to seek legal and equitable remedies, but otherwise denies the allegations contained in Paragraph 14.  Warner specifically denies that Plaintiff is entitled to any of the relief sought.

**THE PARTIES**

15.     Warner denies the allegations contained in Paragraph 15 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16.     Warner denies the allegations contained in Paragraph 16 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17.     Warner denies the allegations contained in Paragraph 17 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18.     Warner denies the allegations contained in Paragraph 18 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19.     Warner admits the allegations contained in Paragraph 19 of the Complaint.

20.     Warner admits the allegations contained in Paragraph 20 of the Complaint.

21.     Warner admits that WM Max Holdings LLC is a limited liability company organized under the laws of Delaware and that its principal place of business is 30 Hudson Yards, New York, NY 10001.  Warner avers that the sole member of WM Max Holdings, LLC is WarnerMedia Holdings, Inc. and that the direct owner of WarnerMedia Holdings, Inc. is Warner Bros. Discovery, Inc.

22.     Warner admits that WM Interactive Media Holdings, LLC is a limited liability company organized under the laws of Delaware and that its principal place of business is 30 Hudson Yards, New York, NY 10001.  Warner avers that CNN Interactive Group, Inc. is the sole member of WM Interactive Media Holdings, LLC, and that CNN Interactive Group, Inc. is a corporation duly incorporated and existing under the laws of the state of Delaware with its principal place of business at 1050 Techwood Drive, N.W., Atlanta, GA 30318.

23.     Warner admits the allegations contained in Paragraph 23 of the Complaint, except avers that Turner Broadcasting System, Inc.'s principal place of business is 1050 Techwood Drive, N.W., Atlanta, GA 30318.

24.     Warner admits the allegations contained in Paragraph 24 of the Complaint, except avers that WM Columbus Holdings, Inc.'s principal place of business is 230 Park Ave. South, New York, NY 10003.

## JURISDICTION AND VENUE

25.     Paragraph 25 of the Complaint contains legal contentions and/or conclusions regarding jurisdiction to which no response is required.  To the extent a further response is required, Warner denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the citizenship of all parties.

26.     Paragraph 26 of the Complaint contains legal contentions and/or conclusions regarding jurisdiction to which no response is required.  To the extent that a further response is required, Warner admits that it regularly conducts business within New York.  Warner denies the remaining allegations contained in Paragraph 26.

27.     Paragraph 27 of the Complaint contains legal contentions and/or conclusions regarding jurisdiction to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in Paragraph 27 speaks for itself and refers to the Agreement for its contents.

28.     Paragraph 28 of the Complaint contains legal contentions and/or conclusions regarding jurisdiction to which no response is required.  To the extent that a further response is required, Warner admits that it resides within this district, but otherwise denies the allegations contained in Paragraph 28.

## SUBSTANTIVE ALLEGATIONS

29.     Paragraph 29 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner admits that a copy of the Agreement is attached to the Complaint as Exhibit A and asserts that the Agreement referenced in Paragraph 29 speaks for itself and refers to the Agreement for its contents.

30.     Warner admits that it is a party to the Agreement and that the Agreement was negotiated in the context of Warner's relationship with Sky.  Warner further asserts that the Agreement referenced in Paragraph 30 of the Complaint speaks for itself and refers to the Agreement for its contents.  Warner denies the remaining allegations contained in Paragraph 30.

31.     Paragraph 31 of the Complaint contains legal contentions and/or conclusions to

which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in Paragraph 31 speaks for itself and refers to the Agreement for its contents.

32.    Paragraph 32 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in Paragraph 32 speaks for itself and refers to the Agreement for its contents.  Warner denies the remaining allegations contained in Paragraph 32.

33.    Paragraph 33 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in Paragraph 33 speaks for itself and refers to the Agreement for its contents.  Warner denies the remaining allegations contained in Paragraph 33.

34.    Paragraph 34 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in Paragraph 34 speaks for itself and refers to the Agreement for its contents.  Warner denies the remaining allegations contained in Paragraph 34.

35.    The allegations of Paragraph 35 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in Paragraph 35 speaks for itself and refers to such Agreement for its contents.  Warner denies the remaining allegations contained in Paragraph 35.

36.    Paragraph 36 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in the second, third and fourth sentence of Paragraph 36 speaks

for itself and refers to the Agreement for its contents.  Warner denies any remaining allegations contained in Paragraph 36.

37.     Paragraph 37 of the Complaint contains subjective conclusions of fact and law to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in Paragraph 37 speaks for itself and refers to the Agreement for its contents.  Warner denies the allegations in the fourth sentence of Paragraph 37 for lack of personal knowledge as to the truth thereof.  Warner denies any remaining allegations contained in Paragraph 37.

38.     The allegations of Paragraph 38 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in Paragraph 38 speaks for itself and refers to the Agreement for its contents.  Warner denies any remaining allegations contained in Paragraph 38.

39.     The allegations of Paragraph 39 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in Paragraph 39 speaks for itself and refers to the Agreement for its contents.  Warner denies the remaining allegations contained in Paragraph 39.

40.     The allegations of Paragraph 40 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in Paragraph 40 speaks for itself and refers to the Agreement for its contents.  Warner denies the remaining allegations contained in Paragraph 40.

41.     The allegations of Paragraph 41 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in Paragraph 41 speaks for itself and refers to the Agreement for its contents.  Warner denies the remaining allegations contained in Paragraph 41.

42.     The allegations of Paragraph 42 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in Paragraph 42 speaks for itself and refers to the Agreement for its contents.  Warner denies the remaining allegations contained in Paragraph 42.

43.     The allegations of Paragraph 43 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in Paragraph 43 speaks for itself and refers to the Agreement for its contents.

44.     Paragraph 44 of the Complaint contains subjective conclusions of fact and law to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced Paragraph 44 speaks for itself and refers to the Agreement for its contents.  Warner denies the remaining allegations contained in Paragraph 44.

45.     Paragraph 45 of the Complaint contains subjective conclusions of fact and law to which no response is required.  Warner asserts that the Agreement referenced Paragraph 45 speaks for itself and refers to the Agreement for its contents.  Warner denies the allegations contained in Paragraph 45 as they relate to Warner and denies the remaining allegations for lack of personal knowledge as to the truth thereof.

46.     Paragraph 46 of the Complaint contains subjective conclusions of fact and law to which no response is required.  To the extent that a further response is required, Warner admits that it did not ultimately have four qualifying series to submit to Sky in 2021 due to the effects of COVID-19 and other unanticipated factors, but that Warner did submit some qualifying series and some other series to Sky for consideration in 2021, which Sky rejected.  Warner denies the remaining allegations concerning Sky and its intentions for lack of personal knowledge as to the truth thereof.

47.     The allegations of Paragraph 47 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner admits that Laura Forti sent several Bi-Monthly Reports to Sky in Year 1 and notes that the email referenced in Paragraph 47 speaks for itself.  Warner denies the remaining allegations contained in Paragraph 47, but admits that it provided Sky with information and details regarding the projects included in the spreadsheets and offered to schedule calls to discuss the creative status of projects in development.

48.     Paragraph 48 of the Complaint contains subjective conclusions of fact and law to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in Paragraph 48 speaks for itself and refers to the Agreement for its contents.  Warner admits that Warner presented Sky with Series meeting the contractual criteria in 2021, which were rejected, but denies the allegations in Paragraph 48 as they relate to "sparse information" and denies the remaining allegations regarding Sky's ability to assess the Series that were presented.

49.     Paragraph 49 of the Complaint contains subjective conclusions of fact and law to which no response is required.  To the extent that a further response is required, Warner admits

that Warner had a call with Sky on September 20, 2021 to discuss modifications to the Agreement including broadening the scope of the eligible series definition, which Sky suggested it would be amendable to doing, and admits that no written modifications were ultimately made to the Agreement in 2021. Warner admits that the parties did not reach any agreement on modifications on this call in 2021. Warner denies the remaining allegations contained in Paragraph 49.

50.      Paragraph 50 of the Complaint contains subjective conclusions of fact and law to which no response is required. Warner further asserts that the Agreement referenced in Paragraph 50 speaks for itself and refers to the Agreement for its contents. Warner denies the allegations contained in Paragraph 50 but admits that it made numerous submissions to Sky in 2021 pursuant to the Agreement.

51.      Warner admits that Robert Blair had a call with Sky on or about November 29, 2021 regarding the Agreement, and admits that Sky did not pay Warner anything under the Agreement for 2021. Warner asserts that the email referenced in Paragraph 51 of the Complaint speaks for itself and refers to that email for its contents. Warner denies the remaining allegations contained in Paragraph 51.

52.      Paragraph 52 of the Complaint contains subjective conclusions of fact and law to which no response is required. To the extent that a further response is required, Warner asserts that the email referenced in in Paragraph 52 of the Complaint speaks for itself and refers to that email for its contents. Warner admits that the term of the Agreement continued into 2022 but denies that it had materially breached the agreement and the other allegations contained in Paragraph 52 as they relate to Warner.

53.      Paragraph 53 of the Complaint contains subjective conclusions of fact and law to

which no response is required.  To the extent that a further response is required, Warner asserts

that the December 21, 2021 email referenced in Paragraph 53 speaks for itself and refers to that

email for its contents.  Warner denies any allegations in Paragraph 53 regarding Warner's

performance under the Agreement.

54.     Warner asserts that the email referenced in Paragraph 54 of the Complaint speaks

for itself and refers to that email for its contents.  Warner admits that the parties discussed the

possibility of modifying the Agreement and admits that no written modifications were made to

the Agreement in 2021.  Warner denies the remaining allegations contained in Paragraph 54.

55.     Warner asserts that the December 22, 2021 email referenced in Paragraph 55 of

the Complaint speaks for itself and refers to that email for its contents.  Warner further responds

that Warner and Sky further discussed the Agreement and potential modifications to the

Agreement in 2022.

56.     Paragraph 56 of the Complaint contains subjective conclusions of fact and law to

which no response is required.  Warner admits that it did not have four qualifying series

available to submit to Sky in 2022 due to the effects of COVID and other unanticipated factors.

To the extent that a further response is required, Warner denies the remaining allegations in

Paragraph 56.

57.     Paragraph 57 of the Complaint contains subjective conclusions of fact and law to

which no response is required.  To the extent that a further response is required, Warner admits

that it sent Bi-Monthly Reports to Sky in Year 2.  Warner further denies the allegations

contained in Paragraph 57.

58.     Warner admits that Laura Forti had a call with Sky on March 10, 2022.  Warner

asserts that the March 10, 2022 email referenced in Paragraph 58 of the Complaint speaks for

itself and refers to that email for its contents.  The third sentence of Paragraph 59 of the Complaint include legal contentions and/or conclusions to which no response is required. Warner denies the allegations contained in Paragraph 58 to the extent they involve interpretation of the Agreement.

59.     Paragraph 59 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that further response is required, Warner asserts that the March 10, 2022 email referenced in Paragraph 59 of the Complaint speaks for itself and refers to that email for its contents.  Warner asserts that the Agreement referenced in Paragraph 59 of the Complaint speaks for itself and refers to the Agreement for its terms.

60.     Paragraph 60 of the Complaint contains subjective conclusions of fact and law to which no response is required.  Warner asserts that the March 10, 2022 email and Drama Report referenced in Paragraph 60 speak for themselves and refers to these documents for their contents.

61.     Warner admits that Susanna Felleman had a call with Sky on September 15, 2022 regarding the Agreement and potential modification of that Agreement.  Warner asserts that the March 10 Drama Report referenced in Paragraph 61 of the Complaint speak for themselves and refers to that Drama Report for its contents.  Warner admits that during that call Susanna Felleman expressed doubt about whether Warner would have four qualifying series available to present to Sky in Year 2 due to the lingering effects of COVID and other unanticipated factors, and that the Agreement as currently structured was not working.  Warner denies any remaining allegations contained in Paragraph 61.

62.     Paragraph 62 of the Complaint contains subjective conclusions of fact and law to which no response is required.  Warner asserts that the Agreement referenced in Paragraph 62 speaks for itself and refers to the Agreement for its contents, including what constitutes a

qualifying series.  To the extent that a further response is required, Warner admits that it did not have four qualifying Series available to present to Sky in the remaining months of Year 2 due to the due to the lingering effects of COVID and other unanticipated factors.

63.    The allegations of Paragraph 63 of the Complaint constitute legal contentions and/or conclusions to which no response is required.  Warner admits that it did not have four qualifying Series available to present to Sky in Year 3 (2023) due to the Guild Strikes and other unanticipated factors.  Warner denies the remaining allegations in Paragraph 63 for lack of personal knowledge as to the truth of what Sky stood ready to do.

64.    Warner admits that Susanna Felleman and Laura Forti had a call with Sky in early 2023, but avers that the call took place on January 31, 2023.  Warner further admits that the Agreement, and modification to the Agreement, was discussed during that call, and that Warner again communicated concern that it would not be in a position to submit four qualifying series unless the Agreement was modified, and that the parties did not ultimately reach an agreement as to modification of the Agreement.

65.    Warner asserts that the February 10, 2023 email referenced in Paragraph 65 of the Complaint speaks for itself and refers to that email for its contents.  Warner denies the remaining allegations in Paragraph 65 for lack of personal knowledge as to the truth of Sky's intentions.

66.    Warner asserts that the March 22, 2023 email referenced in Paragraph 66 of the Complaint speaks for itself and refers to that email for its contents.  Warner admits that the parties did not ultimately agree to make modifications to the Agreement, but denies the remaining allegations contained in Paragraph 66, including that Warner proposed the Agreement be replaced with an "unenforceable" agreement.

67.    Warner admits that it was impossible to present any qualifying Series in Year 3

due to the effects of COVID, guild strikes, and other unanticipated factors.

68.    Paragraph 68 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner asserts that the April 12, 2023 press release referenced in Paragraph 68 speaks for itself and refers to the press release for its contents.  Warner denies the remaining allegations contained in Paragraph 68, including that the Harry Potter series was greenlit or a qualifying series at the time of the press release.

69.    Warner asserts that the April 12, 2023 press release referenced in Paragraph 69 of the Complaint speaks for itself and refers to the press release for its contents.  Warner denies that the Harry Potter series was greenlit or a qualifying series at the time of the press release.

70.    Warner asserts that the April 12, 2023 press release referenced in Paragraph 70 of the Complaint speaks for itself and refers to the press release for its contents.  Warner denies that the press release provided "substantial details on the Harry Potter Series" as alleged in Paragraph 70.

71.    Warner asserts that the April 12, 2023 press release referenced in Paragraph 71 of the Complaint speaks for itself and refers to Ms. Rowling's press release for its contents.

72.    Warner asserts that the April 12, 2023 promotional video referenced in Paragraph 72 of the Complaint speaks for itself and refers to the video for its contents.  Warner denies the remaining allegations contained in Paragraph 72 for lack of personal knowledge as to how many times the video has been viewed.

73.    Warner admits to the existence and success of the Harry Potter novels, across multiple formats and languages.  Warner has not independently confirmed the figures cited in Paragraph 73 for purposes of this litigation and therefore neither admits or denies them.

74.    Warner admits the existence of eight feature-length Harry Potter movies, a stage production titled Harry Potter and the Cursed Child, a video game called Hogwarts Legacy, and a movie series called Fantastic Beasts.  Warner further admits that Warner Bros. Pictures produced and distributed eight feature-length Harry Potter movies.   Warner has not independently confirmed the figures cited in Paragraph 73 for purposes of this litigation and therefore neither admits or denies them.

75.    Warner admits that Warner Bros. Studios operates a studio tour in London related to the Harry Potter film franchise and that the books and movies have inspired various items. Warner has not independently confirmed the figures cited in Paragraph 73 for purposes of this litigation and therefore neither admits or denies them.

76.    Warner asserts that the press release, Vox report, and other media reports referenced in the second sentence of Paragraph 76 of the Complaint speak for themselves and refers to those documents for their contents.  Warner has not independently confirmed the figures cited in Paragraph 73 for purposes of this litigation and therefore neither admits or denies them.

77.    Warner asserts that the transcript of the remarks made during Warner Bros. Discovery Inc. Q4 2023 earnings call referenced in Paragraph 77 of the Complaint speaks for itself and refers to the call transcript for its contents.  Warner also admits that from time to time Warner executives have made statements about Warner assets and discussion with J.K. Rowling. Warner denies the suggestion that, in February 23, 2024, the Harry Potter series had been greenlit.

78.    Warner admits that David Zaslav spoke at the conference referenced in Paragraph 78 of the Complaint and asserts that the conference transcript speaks for itself and refers to the transcript for its contents.

79.     Warner admits that the Harry Potter intellectual property is extremely valuable but denies the specific characterizations contained in Paragraph 79.

80.     Paragraph 80 of the Complaint contains subjective conclusions of fact and law to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement and press releases referenced in Paragraph 80 speak for themselves and refers to the Agreement and press releases for their contents.  Warner otherwise denies the remaining allegations contained in Paragraph 80.

81.     Paragraph 81 of the Complaint contains subjective conclusions of fact and law to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement and press release referenced in Paragraph 81 speak for themselves and refers to the Agreement and press release for their contents.  Warner otherwise denies the remaining allegations contained in Paragraph 81 and avers that the series was not eligible to submit to Sky under the terms of the Agreement at the time of the press release.

82.     Warner admits that Susanna Felleman and Laura Forti had a call with Sky on May 11, 2023 and discussed the Agreement.  Warner further admits that during that call on May 11, 2023 the announcement of the Harry Potter series was discussed and that Susanna Felleman made clear that the Harry Potter series had not been green lit and did not qualify for submission under the Agreement.  Warner otherwise denies the remaining allegations and characterizations contained in Paragraph 82 of the Complaint.

83.     Warner admits that Felleman emailed Sky on May 13, 2023 and asserts that the May 13, 2023 email referenced in Paragraph 83 speaks for itself and refers to that email for its contents.  Warner otherwise denies the remaining allegations and characterizations contained in Paragraph 83.

84.     Warner asserts that the May 13, 2023 email referenced in Paragraph 84 of the Complaint speaks for itself and refers to that email for its contents.  Warner otherwise denies the remaining allegations and characterizations contained in Paragraph 84.

85.     Warner admits that Sky sent a letter to Warner on May 23, 2023 and asserts that the May 23, 2023 letter referenced in Paragraph 85 of the Complaint speaks for itself and refers to that letter for its contents.

86.     Warner admits that Warner sent a response letter on June 7, 2023, and asserts that the June 7, 2023 letter referenced in Paragraph 86 of the Complaint speaks for itself and refers to that letter for its contents.  Warner otherwise denies the allegations that the statements in its letter were "false."

87.     Warner denies the allegations contained in Paragraph 87 of the Complaint, including that Harry Potter is required and due for submission under the Agreement.

88.     Warner admits that certain details regarding the development of the Harry Potter series have been announced and reported over time.  Warner asserts that the Warner press release, Ms. Rowling's press release, announcement, Variety story, press reports and the Times of London story referenced in Paragraph 88 of the Complaint speak for themselves and refers to these documents for their contents.  Warner otherwise denies the remaining allegations contained in Paragraph 88, including that the positions in its May and June correspondence were false and misleading.

89.     Paragraph 89 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner denies that it misled anyone and otherwise denies the allegations contained in Paragraph 89.

90.     The first sentence of Paragraph 90 of the Complaint contains subjective

conclusions of fact and law to which no response is required.  Warner further asserts that Agreement referenced in the first sentence of Paragraph 90 speaks for itself and refers to the Agreement for its contents.   Warner denies the allegations in Paragraph 90 pertaining to Sky's interpretation of the Agreement and denies that Warner is under any obligation to provide submission materials to Sky relating to the Harry Potter series.

91.    Warner asserts that the press release, Deadline report, and other press reports referenced in Paragraph 91 of the Complaint speak for themselves and refers to those documents for their contents.  Warner otherwise denies the remaining allegations contained in Paragraph 91.

92.    Warner admits that Gerhard Zeiler spoke at the conference referenced in Paragraph 92 of the Complaint.  Warner asserts that the conference transcript speaks for itself and refers to the conference transcript for its contents.  Warner further asserts that the Deadline report referenced in Paragraph 92 speaks for itself and refers to the Deadline report for its contents.  Warner otherwise denies the remaining allegations contained in Paragraph 92.

93.    Warner denies the allegations in Paragraph 93 of the Complaint.

94.    Warner admits that Variety reported that certain projects were being moved from Max to HBO and included an explanation for that decision from Casey Bloys.  Warner further asserts that the Variety report referenced in Paragraph 94 of the Complaint speaks for itself and refers to the Variety report for its contents.  Warner denies that the subject of the Variety report was an "abrupt decision."

95.    Paragraph 95 of the Complaint contains subjective conclusions of fact and law to which no response is required.  Warner asserts that the public statements and Variety report referenced in Paragraph 95 speak for themselves.  Warner otherwise denies the allegations contained in Paragraph 95.

96.    Paragraph 96 of the Complaint contains subjective conclusions of fact and law to which no response is required.  Warner admits Sky has filed this lawsuit and otherwise denies the remaining allegations contained in Paragraph 96.

## CAUSES OF ACTION

### COUNT I
### (Breach of Contract)

97.    Warner incorporates the responses contained in Paragraphs 1 through and including 96 of the Answer as if fully set forth herein.

98.    Paragraph 98 of the Complaint contains subjective conclusions of fact and law to which no response is required.  Warner further asserts that the Agreement speaks for itself and refers to the Agreement for its terms.  To the extent that a further response is required, Warner admits that it is a party to the Agreement referenced in Paragraph 98.

99.    Paragraph 99 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in Paragraph 99 speaks for itself, refers to the Agreement for its terms.  Warner denies the remaining allegations contained in Paragraph 99.

100.    Paragraph 100 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement referenced in Paragraph 100 speaks for itself and refers to the Agreement for its contents.  Warner admits that Sky accepted one qualifying series in 2024, but otherwise denies the remaining allegations contained in Paragraph 100.

101.    Paragraph 101 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner denies the remaining allegations contained in Paragraph 101.

102.     Paragraph 102 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner denies the allegations contained in Paragraph 102 of the Complaint.

**COUNT II**
**(Anticipatory Repudiation of Contract)**

103.     Warner incorporates the responses contained in Paragraphs 1 through and including 102 of the Answer as if fully set forth herein.

104.     Paragraph 104 of the Complaint contains subjective conclusions of fact and law to which no response is required.  To the extent that a further response is required, Warner admits that it is a party to the Agreement referenced in Paragraph 104.  Warner asserts that the Agreement speaks for itself and refers to the Agreement for its terms.

105.     Paragraph 105 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner asserts that the Agreement, and Warner's correspondence, referenced in Paragraph 105 speaks for themselves and refers to the Agreement and correspondence for their contents.  Warner otherwise denies the remaining allegations contained in Paragraph 105.

106.     Paragraph 106 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner denies knowledge or information sufficient to form a belief as to Sky's preparedness and otherwise denies the remaining allegations contained in Paragraph 106.

107.     Paragraph 107 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner denies the allegations contained in Paragraph 107 of the Complaint.

108.     Paragraph 108 of the Complaint contains legal contentions and/or conclusions to

which no response is required.  To the extent that a further response is required, Warner denies the allegations contained in Paragraph 108.

<u>**COUNT III (in the alternative)**</u><br>**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

109.    Warner incorporates the responses contained in Paragraphs 1 through and including 108 of the Answer as if fully set forth herein.

110.    Paragraph 110 of the Complaint contains subjective conclusions of fact and law to which no response is required.  To the extent that a further response is required, Warner admits that it is a party to the Agreement referenced in Paragraph 110.  Warner asserts that the Agreement speaks for itself and refers the Court to the Agreement for its terms.

111.    Paragraph 111 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner denies knowledge or information sufficient to form a belief as to Sky's preparedness and otherwise denies the remaining allegations contained in Paragraph 111.

112.    Paragraph 112 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner admits that it has a duty to act in good faith and otherwise denies the allegations contained in Paragraph 112.

113.    Paragraph 113 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner denies the allegations contained in Paragraph 113.

114.    Paragraph 114 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner denies the allegations contained in Paragraph 114.

115.    Paragraph 115 of the Complaint contains legal contentions and/or conclusions to which no response is required.  To the extent that a further response is required, Warner denies the allegations contained in Paragraph 115 of the Complaint.

## PRAYER FOR RELIEF

Warner denies that Plaintiffs are entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

Without waiving and hereby expressly reserving the right to assert any and all defenses based on, *inter alia*, discovery and factual developments, Warner avers the following affirmative defenses to the claims asserted in the Complaint, some of which are plead in the alternative, and does not concede that it has the burden of proof with respect to these defenses.

## FIRST AFFIRMATIVE DEFENSE
### (*Failure to State a Claim*)

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (*No Contractual Breach and/or Any Such Claim is Premature*)

Plaintiffs' claims are barred, in whole or in part, because no contractual breach of the Agreement has occurred, and/or any such claim under the Agreement is premature.

## THIRD AFFIRMATIVE DEFENSE
### (*No Damages*)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs suffered no damages.

## FOURTH AFFIRMATIVE DEFENSE
### (*Damages are Speculative*)

Plaintiffs' damages, if any, are speculative, uncertain, and impossible to ascertain.

## FIFTH AFFIRMATIVE DEFENSE
### (*Failure to Mitigate*)

Plaintiffs' claims are barred, in whole or in part, on the ground that Plaintiffs failed to

mitigate any damages they may have suffered.

### SIXTH AFFIRMATIVE DEFENSE
(*Force Majeure*)

Plaintiffs' claims are barred to the extent any failure of Warner to perform under the Agreement was caused by forces and events outside of Warner's control, including, but not limited to, the COVID-19 pandemic, the 2023 Writers' Guild of America strike, and/or the 2023 SAG-AFTRA strike.

### SEVENTH AFFIRMATIVE DEFENSE
(*Doctrine of Impossibility*)

To the extent caused by forces beyond Warner's control, including, but not limited to, changes in the television industry resulting in a reduction of content in the pipeline for development, Plaintiffs' claims are barred, in whole or in part, by the doctrine of impossibility.

### EIGHTH AFFIRMATIVE DEFENSE
(*Waiver or Unclean Hands*)

Plaintiffs' claims are barred, in whole or in part, under the doctrines of waiver or unclean hands.

### NINTH AFFIRMATIVE DEFENSE
(*Good Faith*)

Plaintiffs' claims are barred because Warner acted in good faith and without wrongful intent, malice, or any other applicable degree of fault.

### TENTH AFFIRMATIVE DEFENSE
(*Implied Covenant Relief is Not Permissible*)

Plaintiffs' claims are barred because Plaintiffs seek to impose obligations on Warner that go beyond the obligations set forth in the contract.

## ELEVENTH AFFIRMATIVE DEFENSE
*(Injunctive Relief is Not Permissible)*

Plaintiffs' prayer for injunctive relief is barred to the extent that it seeks to impose obligations on Warner that are beyond what the law requires, and because Plaintiffs have no irreparable injury and have an adequate remedy at law.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Warner hereby demands a trial by jury in this action.

## NOTICE OF RESERVATION

Warner hereby gives notice that it intends to rely upon such other and further defenses as may be or become available or apparent during the pretrial proceedings in this action, and Warner expressly reserves its right to amend this Answer and assert all such defenses.

Dated:  November 8, 2024
   New York, NY

      Respectfully submitted,

      */s/ David L. Yohai*

      **WEIL, GOTSHAL & MANGES LLP**

      David L. Yohai
      767 Fifth Avenue
      New York, NY 10153
      Phone:  (212) 310-8000
      Fax:  (212) 310-8007
      david.yohai@weil.com

      *Counsel for WarnerMedia Direct, LLC*